[Civil No. 740.    Filed March 26, 1904.]

[76 Pac. 602.]

## THOMAS BROCKMAN, Plaintiff and Appellant, v. THE ·GRAND CANAL COMPANY, a Corporation, Defendant and Appellee.

1. WATER AND WATER-RIGHTS — APPROPRIATION—ABANDONMENT—NEW APPROPRIATION.—Where an appropriator of water was the owner of land and of a share of stock in a canal company representing a water-right privilege therein, and thereafter sold the land and stock to one S., and later repurchased the land without the stock, and after such repurchase obtained water from the canal company by renting other water-rights or shares of stock representing them, by such sale and repurchase he abandoned his first appropriation and his subsequent irrigation of the same land by means of water obtained from the company's canal then and thereby initiated a new right of appropriation.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. Webster Street, Judge. Reversed.

On rehearing. Memorandum decision, *ante*, p. 112.

Docketed and dismissed with costs. 195 U. S. 639, 49 L. Ed. 356.

The facts are stated in the opinion.

W. H. Stilwell, and Kibbey & Edwards, for Appellant.

C. F. Ainsworth, for Appellee.

(For briefs, see *Gould* v. *Maricopa Canal Co.*, *ante*, p. 429.)

SLOAN, J.—This case is controlled by the law applied in the case of *Gould* v. *The Maricopa Canal Company* (decided at this term), *ante*, p. 429, 76 Pac. 598.

The organization of the appellee, the Grand Canal Company, its history, its practice with regard to the recognition of leases of its shares of stock by the holders thereof, give it the *status* found by this court to have been assumed by the

Salt River Valley Canal Company in the case of *Slosser* v. *Salt River Valley Canal Company*, 7 Ariz. 376, 65 Pac. 332, and the Maricopa Canal Company in the case of *Gould* v. *The Maricopa Canal Company*. The record shows that Brockman, from 1878 to 1888, was the owner of a share of stock in the Grand Canal Company, and of the water-right privilege recognized as appurtenant thereto, and irrigated his land by means of the same from the company's canal; that in the year 1888 he sold his land and water-right to one Shook; that in 1890 he repurchased his land without the water-right, and thereafter obtained water from the canal company by renting other water-rights, or shares of stock representing them, until the year 1899, when he applied for water for the ensuing season, and was denied the same by the appellee upon the ground that he was not a shareholder or the lessee of a share of stock.

The segregation of his water-right from the land, and the sale of the latter to Shook, and his repurchase of the land without the water-right, must be held to have been an abandonment by Brockman of his original right of appropriation. Under the law declared in the Gould case, when, after his repurchase, he began the irrigation of his land by means of water obtained from the appellee's canal, he then and thereby initiated a new right of appropriation.

The judgment of the court below is reversed, and a decree will be entered enjoining the Grand Canal Company from in any manner or by any means whatsoever preventing a flow of water from the Salt River through the Grand Canal to the lands of plaintiff, described in the complaint, in an amount sufficient for the proper cultivation of the same, and not exceeding the amount used by him upon said land and furnished by the appellee since 1890, upon the payment to the appellee of its reasonable charge for such service, and a compliance with the reasonable rules and regulations governing the diversion, carriage, and distribution of water in its canal, whenever and at all times when the water available for diversion and carriage in the company's canal is not required and used by appropriators of water under the canal having prior rights of appropriation.

Kent, C. J., Doan, J., and Davis, J., concur.