411 P.2d 201

**SALT RIVER VALLEY WATER USERS' ASSOCIATION, an Arizona corporation, Appellant,**

v.

**Manda KOVACOVICH, Appellee.**

**SALT RIVER VALLEY WATER USERS' ASSOCIATION, an Arizona corporation, Appellant,**

v.

**C. B. REDDELL and Vera L. Reddell, husband and wife, as successors to Yvette Ward, Leon L. Schall and William H. Oppenheimer, Executors of the Estate of Charles A. Ward, Deceased, and Yvette Ward, Widow of Charles A. Ward, Deceased, Appellees.\***

Nos. 1 CA–CIV 41, 1 CA–CIV 42.

Court of Appeals of Arizona.

Feb. 23, 1966.

Rehearing Denied April 15, 1966.

Review Denied May 17, 1966.

\* These appeals were filed with the Arizona Supreme Court and assigned that Court's Numbers 7730 and 7731. The matters were referred to this Court pursuant to Section 12–120.23 A.R.S.

Jennings, Strouss, Salmon & Trask, Phoenix, Favour & Quail, Prescott, by Nicholas Udall, Robert E. Hurley, Phoenix, for appellant.

Charles E. McDaniel, Prescott, for appellee Manda Kovacovich.

Donald J. Baumann, Scottsdale, Allan K. Perry, Phoenix, for appellees Reddell.

EDWIN THURSTON, Superior Court Judge.

These actions, consolidated for purpose of appeal, were brought by appellant in the Yavapai County Superior Court seeking a permanent injunction against appellees to enjoin the use of waters of the Verde River upon certain land situate in Yavapai County, and asking for determination with respect to whether or not valid and existing water rights were legally existing appurtenant to such land. In the basic actions, each of the parties filed motions for summary judgment and each motion submitted to the lower court upon an agreed statement of facts together with supporting memoranda and exhibits. The

statement of facts agreed to by the parties is as follows:

1. That the defendants and their predecessors in interest have made valid appropriations of water from the Verde River for irrigation purposes upon a portion of the lands owned by them;

2. That prior to 1933 in the Kovacovich action and prior to 1950 in the Ward action, certain additional lands owned by the respective defendants were not used for farming purposes nor was irrigation water applied thereon;

3. That neither the defendants nor their predecessors in interest ever made application under the Arizona Water Code to appropriate water for these additional lands;

4. That during and after 1933 in the Kovacovich action and during 1950 in the Ward action, the defendants, respectively, undertook in addition the cultivation of approximately thirty-five (35) acres and forty (40) acres of land adjacent to the land upon which the parties already had a valid water appropriation by irrigating said lands with water from the Verde River; and

5. That because of water-saving practices, no more water was thus used by the defendants to irrigate all of their lands here involved than was formerly used upon only their lands with a valid water appropriation.

The lower Court denied injunctive relief in each action and confirmed the right of appellees to beneficially use, as presently used, that quantity of water used by the appellee Kovacovich during or prior to 1933 and by the appellee Ward during or prior to 1950.

Subsequent to entry of judgment by the lower Court, appellees C. B. Reddell and Vera L. Reddell purchased the lands involved in the Ward action and were duly substituted as parties appellee.

The following issues raised in the lower Court are here presented to this Court for determination:

1. Does an owner of land which has no valid water appropriation have the legal right to make beneficial use of water upon such land for irrigation purposes with water formerly used upon the owner's adjacent land which has a valid water right, if no greater quantity of water is used by the owner upon the combined area because of water-saving practices?

2. Is injunctive relief the proper remedy to prevent the diversion and use of water for irrigation upon lands not having an appurtenant water right?

The Court below found for appellees on the first issue but, found that had appellant been entitled to relief, injunction would have been the proper remedy.

· ■ In essence this case involves the narrow issue of whether or not an owner of land having a valid appurtenant water right may through water-saving practices apply the water thus saved to immediately adjacent lands owned by that person, without need to apply for the right to use such additional waters under the State Water Code. The further issue is that since the application of such waters would not result in less quantity of water flowing to the use of the appellants herein as owners of lower and subordinate water rights than would have previously occurred, have appellants been damaged whereby they are entitled to injunctive relief?

It was argued that decision of this issue in favor of appellants would result in penalizing persons who, through their industry, effort and expenses, engage in water-saving practices. The water-saving practices here referred to include improvement of ditches and concrete lining of ditches. This Court is of the opinion that the water-saving practices entered into by appellees not only result in conservation of water but also other benefits to appellees such as weed and vegetation growth control along such irrigation ditches and reduction of time and cost of maintenance of such ditches. Certainly any effort by users of water in Arizona tending toward conservation and more economical use of water

is to be highly commended. However, commendable practices do not in themself create legal rights.

■ Historically, the development of water rights in Arizona created confusion by attempts to apply some of the strict concepts of common law riparian rights to the peculiar circumstances of not only the use of water but the need for its economical use prevalent in Arizona. The confusion concomitant with early attempts to apply the law with respect to use of water in Arizona progressed through several stages, including that where the right to use water appeared to be vested in the owner of land whereby same could be traded, leased or sold in much the same manner as other property. In an effort to achieve some degree of order out of the chaos then existing, our Courts through a series of decisions developed and applied what we today refer to as the "Doctrine of Beneficial Use." This doctrine is clearly enunciated in Gillespie Land & Irrigation Co. v. Buckeye Irr. Co. et al., 75 Ariz. 377, 384, 257 P.2d 393, 397, 398 (1953).

"Slosser v. Salt River Valley Canal Co. [7 Ariz. 376, 65 P. 332], supra; Gould v. Maricopa Canal Co., 8 Ariz. 429, 76 P. 598; Brockman v. Grand Canal Co., 8 Ariz. 451, 76 P. 602; Tattersfield v. Putnam, 45 Ariz. 156, 41 P.2d 228; Olsen v. Union Canal & Irr. Co., 58 Ariz. 306, 119 P.2d 569. The holding in all of these cases is to the effect that a water right is attached to the land on which it is beneficially used and becomes appurtenant thereto, and that the right is not in any individual or owner of the land. It is in no sense a floating right, nor can the right, once having attached to a particular piece of land, be made to do duty to any other land, with certain exceptions, e. g., where the land is washed away."

This doctrine was further implemented by enactment of a series of statutes, today referred to as the State Water Code, wherein matters pertaining to application of waters to new lands or changes in use of waters previously appropriated was placed under the jurisdiction of the Arizona State Land Department. In addition these statutes prescribe certain standards to be followed by the State Land Department with respect to applications for acquisition of change in the use of water. Title 45, Chapter 1, Articles 1–6, Arizona Revised Statutes.

■ This Court is of the opinion that the Doctrine of Beneficial Use precludes the application of waters gained by water conservation practices to lands other than those to which the water was originally appurtenant. It has been argued that if the Court were to accept the position of appellees that appellees could allow the land to which the water right is appurtenant to lie fallow but continue to use the same quantity of water upon other adjacent lands owned by the same person. Again the need for land to lie fallow from time to time is a well recognized, beneficial need in order to preserve and maintain the proper fertility of the land. Although this may be a commendable practice, this is not sufficient to alter the established doctrine with respect to use of water. Under the doctrine of beneficial use, the appellees are not entitled under all circumstances to appropriate a given number of acre feet of water per year. Beneficial use is the measure and the limit to the use of water. A.R.S. § 45–101, subsec. B. The appellees may only appropriate the amount of water from the Verde River as may be beneficially used in any given year upon the land to which the water is appurtenant even though this amount may be less than the maximum amount of their appropriation. They may not take a quantity of water in excess of their appropriation even though they could beneficially use the same upon water right land. If in a given year, this should constitute an appropriation and use of all the water available at that particular point on the Verde River, subordinate owners of water rights have no cause to complain. However, in those years when wa-

ter in excess of that which appellees may beneficially use upon the appurtenant land to which their water right attaches, all water which may flow to lower and subordinate owners of water rights is no longer of concern to appellees. Any practice, whether through water-saving procedures or otherwise, whereby appellees may in fact reduce the quantity of water actually taken inures to the benefit of other water users and neither creates a right to use the waters saved as a marketable commodity nor the right to apply same to adjacent property having no appurtenant water rights. It is believed that any other decision would result in commencement of return to the very area of confusion and chaos which gave rise to the development and application of the concept of beneficial use.

With respect to the issue of whether or not appellants are entitled to injunctive relief in proceedings of this nature, this Court concurs in the decision of the lower Court. The right to injunctive relief with respect to enforcement of water rights has been heretofore clearly established. Extensive discussion of this point is not believed necessary in the light of the established decisions with respect to use of injunctive relief.

The judgment of the lower Court is reversed with instructions to the lower Court to issue an injunction on behalf of appellant as against appellees as prayed for in appellant's complaints.

STEVENS, C. J., and DONOFRIO, J., concurring.

Note: Judge JAMES DUKE CAMERON having requested that he be relieved from the consideration of this matter, Superior Court Judge EDWIN THURSTON was called to sit in his stead and participate in the determination of this decision.